[729 NYS2d 740]

In the Matter of JAMES F. ELLER, a Suspended Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE TENTH JUDICIAL DISTRICT, Petitioner.

Second Department, August 27, 2001

*Grace D. Moran*, Syosset (*Muriel L. Gennosa* of counsel), for petitioner.

### OPINION OF THE COURT

Per Curiam.

The petitioner served the respondent with a petition dated January 12, 1999, containing four charges of professional misconduct. After four days of hearings, the Special Referee sustained all four charges. The petitioner now moves to confirm the Special Referee's report and to impose discipline. The respondent has neither cross-moved nor submitted any papers in reply to the petitioner's motion.

Charge One alleges that the respondent neglected a legal matter entrusted to him, in violation of Code of Professional Responsibility DR 6-101 (a) (3) (22 NYCRR 1200.30 [a] [3]).

In or about 1994, the respondent was retained by Lawrence Reed. In or about June 1995, the respondent commenced a civil action on Mr. Reed's behalf against a law firm and some of its partners.

In 1996, the respondent advised Mr. Reed that dates for an examination before trial and a court conference were scheduled. Mr. Reed received no further communication from the respondent regarding those events. The respondent advised Mr. Reed that other actions, which he did not specifically identify, were necessary. In November 1997, the respondent advised Mr. Reed that additional discovery was necessary. At the respondent's request, Mr. Reed signed a blank sheet of paper.

By letter dated December 3, 1997, the respondent informed Mr. Reed that he had just completed papers which were being typed. The respondent advised Mr. Reed to await further contact from him. Subsequent telephone inquiries by Mr. Reed went unanswered. By letter dated March 9, 1998, Mr. Reed inquired regarding the status of his case and indicated that he would have no choice but to demand the return of his papers should the respondent fail to reply within two weeks. Upon receipt of the respondent's change of address, Mr. Reed mailed another copy of his letter to the respondent. The respondent failed to return Mr. Reed's inquiries, failed to advise him of the status of his legal matter, and failed to return the file.

Through the efforts of another attorney, Mr. Reed discovered that his civil action had been dismissed by judgment dated October 17, 1997, based upon his failure to comply with the defendants' discovery demands. Mr. Reed retained new counsel who filed a motion, in or about July 1998, to vacate the judgment dismissing the action, to reinstate the complaint, and to direct the respondent to return Mr. Reed's materials, documents, and files.

By order of the Supreme Court, Nassau County, dated October 5, 1998, the judgment dismissing the complaint was vacated, and the defendants' motion to strike the complaint and dismiss the action was denied on condition that the respondent, as Mr. Reed's former attorney, pay to the defendants a monetary sanction of $3,000 within 30 days and that Mr. Reed comply with all outstanding disclosure. Additionally, the order directed the respondent to turn over the file on this matter within 10 days.

By letter dated October 28, 1998, Mr. Reed's new counsel, Benedene Cannata, served the respondent with notice of entry of the order dated October 5, 1998, and offered to retrieve Mr. Reed's file if the respondent would telephone her. The respondent failed to communicate within the time requirements set forth in the order. Ms. Cannata, therefore, filed a motion to hold the respondent in contempt. On or about December 15, 1998, the respondent mailed two boxes of documents to Ms. Cannata. On or about December 16, 1998, the respondent mailed Ms. Cannata additional documents and so notified the petitioner.

Charge Two alleges that the respondent failed to promptly release records, documents and files in his possession, in violation of Code of Professional Responsibility DR 9-102 (c) (4) (22 NYCRR 1200.46 [c] [4]).

By his failure to release and turn over Mr. Reed's documents, records, and files in his possession, the respondent failed to promptly deliver to a client property in his possession which the client was entitled to receive.

Charge Three alleges that the respondent engaged in conduct adversely reflecting on his fitness to practice law, in violation of Code of Professional Responsibility DR 1-102 (a) (8) (now [7]) (22 NYCRR 1200.3 [a] [7]), based on the allegations set forth in Charge One.

Charge Four alleges that the respondent failed to cooperate with the petitioner in its investigation of the complaint filed

against him by Lawrence Reed, which formed the basis of Charge One, in violation of Code of Professional Responsibility DR 1-102 (a) (5) and (8) (now [7]) (22 NYCRR 1200.3 [a] [5], [7]).

By letter dated July 7, 1998, the petitioner forwarded the complaint of Lawrence Reed to the respondent and requested his answer within 15 days. No response was received.

By certified letter dated August 3, 1998, the petitioner advised the respondent that his failure to cooperate with the investigation could, in and of itself, constitute professional misconduct and requested the respondent's answer within five days. At the respondent's request, his time to respond was extended until August 20, 1998. The petitioner also requested the respondent's explanation for not having previously cooperated with its prior inquiries and also requested the status of his release of Mr. Reed's file. The respondent still failed to reply.

By certified letter dated September 9, 1998, the petitioner notified the respondent that it was required to promptly move to suspend from practice an attorney who fails to cooperate with an investigation into allegations of professional misconduct. The respondent was afforded a final opportunity to submit an answer within five days. No response was received.

The petitioner received a letter from the respondent dated December 2, 1998, in which he denied the material allegations of the Reed complaint and noted that he was preparing documents for Mr. Reed within the next few days. The respondent noted his intent to submit additional papers to the Court and declared his availability to meet with petitioner the next week. The respondent apologized for not responding sooner but explained that he was extremely busy with matters involving his professional and personal life.

By letter dated December 10, 1998, the respondent explained that he had been slightly delayed and would contact the petitioner the next week to reschedule. The respondent failed to thereafter reply.

Based on the evidence adduced, the Special Referee properly sustained all four charges. The petitioner's motion to confirm the Special Referee's report is granted.

In determining an appropriate measure of discipline to impose, the Special Referee points out that the respondent simply could not generate the letters, documents, and/or telephone calls which could have exonerated him or at least

given credence to the problems he was facing and which could have explained his failures of duty to the petitioner and to his client.

The petitioner points out that the respondent was previously issued two Letters of Admonition. In 1998, he received a Letter of Admonition for his failures to promptly respond to client inquiries, to release the client file, and to promptly respond to the petitioner's inquiries during the investigation of the complaint, in violation of Code of Professional Responsibility DR 9-102 (c) (4) (22 NYCRR 1200.46 [c] [4]) and DR 1-102 (a) (5) and (8) (now [7]) (22 NYCRR 1200.3 [a] [5], [7]). He received a second Letter of Admonition in 1998 for his failures to promptly file a proposed order with the court, to respond to the court's inquiries regarding that matter, and to promptly cooperate with the petitioner's investigation of the complaint, in violation of Code of Professional Responsibility DR 6-101 (a) (22 NYCRR 1200.30 [a]) and DR 1-102 (a) (5) and (8) (now [7]) (22 NYCRR 1200.3 [a] [5], [7]).

In view of the personal problems advanced by the respondent in mitigation and the fact that he has been under an interim order of suspension since December 30, 1998, the respondent is suspended from the practice of law for an additional year.

Bracken, P. J., O'Brien, Ritter, Santucci and Altman, JJ., concur.

Ordered that the petitioner's motion to confirm the report of the Special Referee is granted; and it is further,

Ordered that the respondent, James F. Eller, is suspended from the practice of law for a period of one year, commencing immediately, and continuing until the further order of this Court, with leave to the respondent to apply for reinstatement no sooner than six months prior to the expiration of the said period of one year upon furnishing satisfactory proof (a) that during the said period he refrained from practicing or attempting to practice law, (b) that he has fully complied with this order and with the terms and provisions of the written rules governing the conduct of disbarred, suspended and resigned attorneys (*see*, 22 NYCRR 691.10), and (c) that he has otherwise properly conducted himself; and it is further,

Ordered that pursuant to Judiciary Law § 90, during the period of suspension and until the further order of this Court, the respondent, James F. Eller, shall continue to desist and refrain from (1) practicing law in any form, either as principal or agent, clerk, or employee of another, (2) appearing as an attorney or

counselor-at-law before any court, Judge, Justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law.